COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS  SUPERIOR COURT
DOCKET NO.

GEORGE WINER. )
Plaintiff )
)
)
)
v. )
)
)
SODEXO, INC., MARRIOTT HOTEL )
SERVICES, INC., TOWNE PARK, LLC )
And TOWNE PARK, LTD )
Defendants )
)
)
)



RECEIVED
MAY 1 2 2017
SUPERIOR COURT-CIVIL
MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

## VERIFIED COMPLAINT AND JURY DEMAND

### PARTIES

1. The plaintiff, is a natural person who resides in Revere, Suffolk County, Massachusetts.

2. The defendant, Marriott Hotel Services, Inc. is a Corporation duly organized under the laws of the state of Delaware, registered to do business as a Foreign Corporation in the Commonwealth of Massachusetts with a principal place of business at 10400 Fernwood Road, Dept. 52/924.13, Bethesda, MD 20817.

3. The defendant, Sodexo, Inc., is a Corporation duly organized under the law of the State of Delaware, registered to do business as a Foreign Corporation in the Commonwealth of Massachusetts with a principal place of business at 9801 Washingtonian Blvd., Gaithersburg, MD 20878

4. The defendant, Towne Park, LLC, is a Limited Liability Company duly organized under the law of the State of Maryland, registered to do business as a Foreign Limited Liability Company in the Commonwealth of Massachusetts with a principal place of business at One Park Place, Suite 200, Annapolis, MD 21401.

5. The defendant, Towne Park, LTD, is a Corporation duly organized under the law of the State of Maryland, registered to do business as a Corporation in

the Commonwealth of Massachusetts with a principal place of business at One Park Place, Suite 200, Annapolis, MD 21401.

## FACTUAL BACKGROUND

6. On or about May 16, 2014, the plaintiff was employed as an operation manager by Hertz Corporation ("HERTZ").

7. Hertz Corporation is in the business of among other things, renting motor vehicles to the general public.

8. On or about May 16, 2014, Hertz Corporation, doing business as Dollar Rental Car, maintained a vehicle rental facility or location at the Marriott Copley Hotel in Boston, Suffolk County, Massachusetts.

9. On or about May 16, 2014, the Marriott Copley Hotel in Boston ("MARRIOTT"), Massachusetts was owned and/or operated by Sodexo, Inc. ("SODEXO")

10. On or about May 16, 2014, the Marriott Copley Hotel in Boston, Massachusetts was owned and/or operated by Marriott Hotel Services, Inc. ("SERVICES")

11. On or about May 16,2014, the Marriott offered and otherwise provided parking, in a garage, ("MARRIOTT GARAGE") of motor vehicles to their guests and general public as well as parking for vehicles rented by Hertz and cars parked, valeted or otherwise stored by Towne Park, LLC ("TOWNE") and/or Towne Park, Ltd. ("TOWNE PARK")

12. On or about May 16, 2014 Sodexho and or Services owned and or operated the garage.

13. On or about May 16, 2014, Sodexo and or Services leased, rented or otherwise permitted Hertz to store and park motor vehicles in the Garage.

14. On or about May 16, 2014, Sodexo and or Services leased, rented or otherwise permitted Towne to store, valet and park motor vehicles in the Garage

15. On or about May 16, 2014, Sodexo and or Services leased, rented or otherwise permitted Towne Park to store and park motor vehicles in the Garage

16. On or about May 16, 2014, Sodexo and or Services and or Towne and or Towne Park permitted the general public and their employees and employees of Hertz access to the Garage at the Marriott.

17. On or about May 16, 2014, Sodexo and or Services and or Towne and or Towne Park maintain the Garage at the Marriott in a safe manner.

18. On or about May 16, 2014, Winer while lawfully in the Garage at the Marriott, while walking caught his foot in a drain hole measuring 8 inches in diameter.

19. On or about May 16, 2014 said drain hole was exposed as the drain hole cover was displaced and not otherwise covering the drain hole.

20. On or about May 16, 2014, Sodexo and or Services and or Towne and or Towne Park, its employees, agents servants or authorized vendors caused or otherwise permitted the cover of said drain hole to be removed from said drain hole.

21. On or about May 16, 2014, Sodexo and or Services and or Towne and or Towne Park, its employees, agent's servants or authorized vendors failed to provide or post and warnings, signs or other indication that the drain was uncovered or otherwise caused a risk to people.

22. As a result of catching his foot in the drain hole, Winer fell and has suffered and continues to suffer from serious and significant personal injury to his neck, back, right arm, right leg, right knee and other parts of his body.

23. As a result of catching his foot in the drain hole, Weiner has been unable to perform work and has missed significant amount of time at work.

24. As a result of catching his foot in the drain hole, Weiner has sought and continues to seek and receive medical care and treatment that includes but, is not limited to, several medical operations, physical therapy, doctors' appointments, a regiment of exercise, medication and rehabilitation.

### COUNT I – NEGLIGENCE
Against Sodexo, Inc. and Marriott Hotel Services, Inc.

25. The plaintiff reasserts and incorporates by reference the allegations contained in Paragraphs 1 through 24 of the Complaint as effectively if they were separately set forth and alleged.

26. At all times relevant hereto the defendants, owned, operated, leased, rented or otherwise maintained the property known as the Marriott and the Garage located in Boston, Suffolk County, Commonwealth of Massachusetts.

27. On or about May 16, 2014 the plaintiff was lawfully on the premises of the Marriott and Garage.

28. On or about May 16, 2014 the defendants owed a duty of care for all persons who were lawfully on the premises of the Marriott and Garage.

29. On or about May 16, 2014 the plaintiff was caused to slip and fall on an open and exposed drain approximately 8 inches in diameter in the Garage at the Marriott as a direct and proximate result of the negligence of the defendants.

30. On or about May 16, 2014, the walkways of said Garage were unsafe and dangerous as an 8 inch drain that has a cover fitted for it, was left exposed as a direct result of being removed by the defendants, their agents, servants, employees causing an unsafe condition.

31. The defendants were aware of the unsafe condition that existed in the Garage.

32. The defendants failed to place the public on notice or otherwise warn the public of the unsafe condition that existed in the Garage.

33. The defendant's breached their duty to the public in general and specifically to the plaintiff herein.

34. The defendants were also negligent in that:

   a. defendants negligently failed to keep premises safe for the use by of lawful visitors, including the plaintiff;

   b. defendants negligently failed to warn its visitors including the plaintiff of the lack of a reasonably safe condition;

   c. defendants negligently failed to inspect the Garage for dangerous conditions;

   d. defendants negligently failed to remove or correct the faulty condition(s) when they knew, or in the exercise of reasonable care, should have known that such conditions greatly increased the risk that tenants or visitors including the plaintiff, would have been injured;

   e. defendants negligently failed to remove or correct the dangerous condition, thus increasing the risk to visitors, including the plaintiff upon entering the property; and,

   f. defendants was negligent in other matters, as it shall be shown at trial.

35. As a direct and proximate result of the aforesaid, the plaintiff has suffered serious and permanent injuries, including, but not limited to a medical expenses, pain and suffering and physical and emotional injury and trauma.

WHEREFORE, the plaintiff, George Winer, demands judgment against the defendants, for his injuries, pain and suffering, scarring, medical expenses, attorney's fees, interest, court costs and other such relief as this court deems just and fair.

### COUNT II – NEGLIGENCE
Against Towne Park, LLC and Towne Park, LTD

36. The plaintiff reasserts and incorporates by reference the allegations contained in Paragraphs 1 through 35 of the Complaint as effectively if they were separately set forth and alleged.

37. At all times relevant hereto the defendants, owned, operated, leased, rented or otherwise maintained the property known as the Marriott and the Garage located in Boston, Suffolk County, Commonwealth of Massachusetts.

38. On or about May 16, 2014 the plaintiff was lawfully on the premises of the Marriott and Garage.

39. On or about May 16, 2014 the defendants owed a duty of care for all persons who were lawfully on the premises of the Marriott and Garage.

40. On or about May 16, 2014 the plaintiff was caused to slip and fall on an open and exposed drain approximately 8 inches in diameter in the Garage at the Marriott as a direct and proximate result of the negligence of the defendants.

41. On or about May 16, 2014, the walkways of said Garage were unsafe and dangerous as an 8 inch drain that has a cover fitted for it, was left exposed as a direct result of being removed by the defendants, their agents, servants, employees causing an unsafe condition.

42. The defendants were aware of the unsafe condition that existed in the Garage.

43. The defendants failed to place the public on notice or otherwise warn the public of the unsafe condition that existed in the Garage.

44. The defendant's breached their duty to the public in general and specifically to the plaintiff herein.

45. The defendants were also negligent in that:

    a. defendants negligently failed to keep premises safe for the use by of lawful visitors, including the plaintiff;

    b. defendants negligently failed to warn its visitors including the plaintiff of the lack of a reasonably safe condition;

    c. defendants negligently failed to inspect the Garage for dangerous conditions;

    d. defendants negligently failed to remove or correct the faulty condition(s) when they knew, or in the exercise of reasonable care, should have known that such conditions greatly increased the risk that tenants or visitors including the plaintiff, would have been injured;

    e. defendants negligently failed to remove or correct the dangerous condition, thus increasing the risk to visitors, including the plaintiff upon entering the property; and,

    f. defendants was negligent in other matters, as it shall be shown at trial.

46. As a direct and proximate result of the aforesaid, the plaintiff has suffered serious and permanent injuries, including, but not limited to a medical expenses, pain and suffering and physical and emotional injury and trauma.

WHEREFORE, the plaintiff, George Winer, demands judgment against the defendants, for his injuries, pain and suffering, scarring, medical expenses, attorney's fees, interest, court costs and other such relief as this court deems just and fair.

## COUNT III – PREMISES LIABILITY
### Against Sodexo, Inc. and Marriott Hotel Services, Inc.

47. The plaintiff reasserts and incorporates by reference the allegations contained in Paragraphs 1 through 46 of the Complaint as effectively if they were separately set forth and alleged.

48. At all times relevant hereto the defendants, owned, operated, leased, rented or otherwise maintained the property known as the Marriott and the Garage located in Boston, Suffolk County, Commonwealth of Massachusetts.

49. On or about May 16, 2014 the plaintiff was lawfully on the premises of the Marriott and Garage.

50. On or about May 16, 2014 the defendants owed a duty of care for all persons who were lawfully on the premises of the Marriott and Garage.

51. On or about May 16, 2014 the plaintiff was caused to slip and fall on an open and exposed drain approximately 8 inches in diameter in the Garage at the Marriott as a direct and proximate result of the negligence of the defendants.

52. On or about May 16, 2014 the walkways of said Garage were unsafe and dangerous as an 8 inch drain that has a cover fitted for it, was left exposed as a direct result of being removed by the defendants, their agents, servants, employees causing an unsafe condition.

53. The defendants were aware of the unsafe condition that existed in the Garage.

54. The defendants failed to place the public on notice or otherwise warn the public of the unsafe condition that existed in the Garage.

55. The defendant's breached their duty to the public in general and specifically to the plaintiff herein.

56. As a direct and proximate result of the aforesaid, the plaintiff has suffered serious and permanent injuries, including, but not limited to a medical expenses, pain and suffering and physical and emotional injury and trauma

WHEREFORE, the plaintiff, George Winer, demands judgment against the defendants, for his injuries, pain and suffering, scarring, medical expenses, attorney's fees, interest, court costs and other such relief as this court deems just and fair.

### COUNT IV – PREMISES LIABILITY
Against Towne Park, LLC and Towne Park, LTD

57. The plaintiff reasserts and incorporates by reference the allegations contained in Paragraphs 1 through 56 of the Complaint as effectively if they were separately set forth and alleged.

58. At all times relevant hereto the defendants, owned, operated, leased, rented or otherwise maintained the property known as the Marriott and the Garage located in Boston, Suffolk County, Commonwealth of Massachusetts.

59. On or about May 16, 2014 the plaintiff was lawfully on the premises of the Marriott and Garage.

60. On or about May 16, 2014 the defendants owed a duty of care for all persons who were lawfully on the premises of the Marriott and Garage.

61. On or about May 16, 2014 the plaintiff was caused to slip and fall on an open and exposed drain approximately 8 inches in diameter in the Garage at the Marriott as a direct and proximate result of the negligence of the defendants.

62. On or about May 16, 2014 the walkways of said Garage were unsafe and dangerous as an 8 inch drain that has a cover fitted for it, was left exposed as a direct result of being removed by the defendants, their agents, servants, employees causing an unsafe condition.

63. The defendants were aware of the unsafe condition that existed in the Garage.

64. The defendants failed to place the public on notice or otherwise warn the public of the unsafe condition that existed in the Garage.

65. The defendant's breached their duty to the public in general and specifically to the plaintiff herein.

66. As a direct and proximate result of the aforesaid, the plaintiff has suffered serious and permanent injuries, including, but not limited to a medical expenses, pain and suffering and physical and emotional injury and trauma

WHEREFORE, the plaintiff, George Winer, demands judgment against the defendants, for his injuries, pain and suffering, scarring, medical expenses, attorney's fees, interest, court costs and other such relief as this court deems just and fair.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

I, George Winer, hereby attest that that above stated facts are true and accurate to the best of my knowledge and belief.

George Winer

Respectfully submitted,
George Winer,
By his attorney

Jarrod M Hochman
Lepore & Hochman, P.A.

                                                                       One Sprague St.
Revere, MA 02151
781-286-8800
BBO # 633199
jarrod@jhochmanesq.com

Dated: May 11, 2017