**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| GEORGE WINER,<br><br>Plaintiff,<br><br>v.<br><br>MARRIOTT HOTEL SERVICES INC. and TOWNE PARK, LLC,<br><br>Defendants.<br><br>MARRIOTT HOTEL SERVICES INC.,<br><br>Third-Party Plaintiff,<br>v.<br><br>DTG OPERATIONS, INC.,<br><br>Third-Party Defendant. | ) | C.A. No.: 17-CV-11071-RGS<br>(LEAVE TO FILE GRANTED ON FEBRUARY 28, 2018) |

**DEFENDANT, MARRIOTT HOTEL SERVICES, INC.'S THIRD PARTY COMPLAINT AND JURY DEMAND AGAINST DTG OPERATIONS, INC.**

Defendant / Third Party Plaintiff Marriott Hotel Services, Inc. ("Marriott") hereby brings a Third Party Complaint against DTG Operations, Inc., doing business as Dollar Rent A Car ("DTG"), and alleges and asserts as follows:

## PARTIES

1. Plaintiff, George Winer, is a Massachusetts citizen residing in Revere, Massachusetts.
2. Defendant / Third Party Plaintiff, Marriott is a Delaware corporation doing business in the Commonwealth of Massachusetts with a principal place of business at 10400 Fernwood Road, Bethesda, Maryland.

3. Defendant, Towne Park, LLC ("Towne Park") is a limited liability company organized under the laws of Maryland doing business in the Commonwealth of Massachusetts with a principal place of business at One Park Place, Suite 200, Annapolis, Maryland.
4. Third Party Defendant, DTG Operations, Inc. doing business as Dollar Rent A Car ("DTG"), is an Oklahoma corporation doing business in the Commonwealth of Massachusetts with a principal place of business at 8501 Williams Road, Estero, Florida. Upon information and belief, DTG is a subsidiary of The Hertz Corporation ("Hertz").

**FACTS**

5. On or about May 12, 2017, the Plaintiff instituted this action alleging negligence and premises liability against Marriott and Towne Park seeking damages for an incident that occurred on or about May 16, 2014, in the parking garage of the Boston Marriott Copley Place ("Garage") located at 110 Huntington Avenue, Boston, Massachusetts.
6. Plaintiff is an employee of DTG and alleges that he sustained injuries in a fall after stepping into an uncovered drain hole located in a parking space in a specific area of the Garage where DTG maintained a car rental counter to rent automobiles to hotel guests ("Premises").
7. Plaintiff was performing his duties as an employee for DTG at the time of the incident.
8. On or about August 1, 2001, Marriott and Travelers Rental Co., Inc., doing business as Dollar Rent A Car ("Travelers"), entered into a Car Rental Agreement ("Agreement") in which Travelers was granted use of the Premises.
9. The Agreement specifically provides for the use of six parking spaces located within the Premises.

10. The Agreement states that "[DTG] will maintain and clean the Premises and any fixtures, furnishings and improvements" and "will keep the Premises in a neat, clean, attractive and sanitary condition at all times."

11. The Agreement then states that DTG will

> indemnify and hold harmless Marriott . . . from and against all claims, suits, demands, damages, judgments, including reasonable attorney's fees and all other costs and liabilities arising from the use of or work done to the Premises (other than by Marriott or its contractors); or from any condition in the Premises resulting from any default of [DTG] under this Agreement; or from any act of negligence of [DTG], its agents, contractors, or employees.

12. On or about February 5, 2013, the Agreement was assigned, with Marriott's consent, from Travelers to DTG ("Assignment").

13. Marriott denies that it is liable to the plaintiff.

**JURISDICTION**

14. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1332(a).

**COUNT I**
**Marriott v. DTG Operations, Inc.**
**Contractual Indemnity**

15. Paragraphs 1–14 are hereby re-alleged and incorporated by reference as if set forth fully herein.

16. At the time of the incident as alleged in Plaintiffs Complaint, DTG's contractual duties to Marriott were in effect.

17. Pursuant to the contract, DTG is obligated to indemnify and hold Marriott harmless from and against all claims of injury arising out of or attributable to the use of or work done to the Premises.

18. The Plaintiff's Complaint alleges that he sustained injuries after stepping into an uncovered drain hole on the Premises used and controlled by DTG.

19. DTG is contractually obligated to defend and indemnify Marriott against the claims made by the Plaintiff as such claims arise out of or are attributable to the alleged use of or work done to the Premises, including, but not limited to reasonable attorney's fees and all other costs and liabilities arising out of the Plaintiff's Complaint.

WHEREFORE, Marriott demands judgment against DTG for all costs and expenses incurred as a result of defending against Plaintiff's Complaint, including, but not limited to attorneys fees, court costs, judgments, settlements, interest, and any other expenses of litigation and for all other relief the Court deems proper.

**JURY DEMAND**

Marriott demands trial by jury on all issues raised herein.

**MARRIOTT HOTEL SERVICES, INC.**
By its Attorneys,
CAMPBELL CAMPBELL EDWARDS &
CONROY, P.C.

/s/ Charles F. Glyman
James M. Campbell (BBO #541882)
Michelle I. Schaffer (BBO #552383)
Mark T. Heinzelman (BBO #677211)
Charles F. Glyman (BBO #690329)
One Constitution Center, 3rd Floor
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
mschaffer@campbell-trial-lawyers.com
mheinzelman@campbell-trial-lawyers.com
cglyman@ campbell-trial-lawyers.com