UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:17-cv-11071-RGS

| | |
|---|---|
| GEORGE WINER,<br><br>Plaintiff,<br><br>v.<br><br>MARRIOTT HOTEL SERVICES, INC. and TOWNE PARK, LLC,<br><br>Defendants.<br><br>MARRIOTT HOTEL SERVICES, INC.,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>DTG OPERATIONS, INC.,<br><br>Third-Party Defendant. | **THIRD-PARTY DEFENDANT DTG OPERATIONS, INC.'S ANSWER TO DEFENDANT MARRIOTT HOTEL SERVICES, INC.'S THIRD-PARTY COMPLAINT, AND JURY DEMAND** |

**THE THIRD-PARTY DEFENDANT, DTG OPERATIONS, INC., CLAIMS A TRIAL BY JURY AS TO ALL ISSUES**

## FIRST AFFIRMATIVE DEFENSE

## PARTIES

1. The Third-Party Defendant, DTG Operations, Inc., neither admits nor denies the allegations contained in Paragraph 1 of the Third-Party Plaintiff's Third-Party Complaint as it is without sufficient knowledge or information to form a belief as to the truth of the matter asserted.

2. The Third-Party Defendant, DTG Operations, Inc., neither admits nor denies the allegations contained in Paragraph 2 of the Third-Party Plaintiff's Third-Party Complaint as it is without sufficient knowledge or information to form a belief as to the truth of the matter asserted.

3. The Third-Party Defendant, DTG Operations, Inc., neither admits nor denies the allegations contained in Paragraph 3 of the Third-Party Plaintiff's Third-Party Complaint as it is without sufficient knowledge or information to form a belief as to the truth of the matter asserted.

4. The Third-Party Defendant, DTG Operations, Inc., admits that it is an Oklahoma corporation doing business in the Commonwealth of Massachusetts with a principal place of business at 8501 Williams Road, Estero, Florida. Otherwise, the Third-Party Defendant, DTG Operations, Inc.,

denies the allegations contained in Paragraph 4 of the Third-Party Plaintiff's Third-Party Complaint.

## FACTS

5. The Third-Party Defendant, DTG Operations, Inc., neither admits nor denies the allegations contained in Paragraph 5 of the Third-Party Plaintiff's Third-Party Complaint as it is without sufficient knowledge or information to form a belief as to the truth of the matter asserted.

6. The Third-Party Defendant, DTG Operations, Inc. denies the allegations contained in Paragraph 6 of the Third-Party Plaintiff's Third-Party Complaint.

7. The Third-Party Defendant, DTG Operations, Inc. denies the allegations contained in Paragraph 7 of the Third-Party Plaintiff's Third-Party Complaint.

8. The allegations contained in Paragraph 8 of the Third-Party Plaintiff's Third-Party Complaint refer to a document which speaks for itself. Accordingly, no response from DTG Operations, Inc., is required. However, to the extent a response is required, the Third-Party Defendant, DTG Operations, Inc. denies the allegations contained in Paragraph 8 of the Third-Party Plaintiff's Third-Party Complaint.

9. The allegations contained in Paragraph 9 of the Third-Party Plaintiff's Third-Party Complaint refer to a document which speaks for itself. Accordingly, no response from DTG Operations, Inc., is required. However, to the extent a response is required, the Third-Party Defendant, DTG Operations, Inc. denies the allegations contained in Paragraph 9 of the Third-Party Plaintiff's Third-Party Complaint.

10. The allegations contained in Paragraph 10 of the Third-Party Plaintiff's Third-Party Complaint refer to a document which speaks for itself. Accordingly, no response from DTG Operations, Inc., is required. However, to the extent a response is required, the Third-Party Defendant, DTG Operations, Inc. denies the allegations contained in Paragraph 10 of the Third-Party Plaintiff's Third-Party Complaint.

11. The allegations contained in Paragraph 11 of the Third-Party Plaintiff's Third-Party Complaint refer to a document which speaks for itself. Accordingly, no response from DTG Operations, Inc., is required. However, to the extent a response is required, the Third-Party Defendant, DTG Operations, Inc. denies the allegations contained in Paragraph 11 of the Third-Party Plaintiff's Third-Party Complaint.

12. The allegations contained in Paragraph 12 of the Third-Party Plaintiff's Third-Party Complaint refer to a document which speaks for itself. Accordingly, no response from DTG Operations, Inc., is required. However, to the extent a response is required, the Third-Party Defendant, DTG Operations, Inc. denies the allegations contained in Paragraph 12 of the Third-Party Plaintiff's Third-Party Complaint.

13. The allegations contained in Paragraph 13 of the Third-Party Plaintiff's Third-Party Complaint refer to a pleading which speaks for itself. Accordingly, no response from DTG Operations, Inc., is required. However, to the extent a response is required, the Third-Party Defendant, DTG

Operations, Inc. denies the allegations contained in Paragraph 13 of the Third-Party Plaintiff's Third-Party Complaint.

**JURISDICTION**

14. The statement set forth in Paragraph 14 of the Third-Party Plaintiff's Third-Party Complaint is a conclusion of law to which no response is required. However, to the extent a response is required, the Third-Party Defendant, DTG Operations, Inc., denies the allegations contained in Paragraph 14 of the Third-Party Plaintiff's Third-Party Complaint.

**COUNT I**
**Marriott v. DTG Operations, Inc.**
**Contractual Indemnity**

15. The Third-Party Defendant, DTG Operations, Inc., re-alleges and incorporates by reference its responses to Paragraphs 1-14 of the Third-Party Plaintiff's Third-Party Complaint as if fully set forth herein.

16. The Third-Party Defendant, DTG Operations, Inc., denies the allegations contained in Paragraph 16 of the Third-Party Plaintiff's Third-Party Complaint.

17. The Third-Party Defendant, DTG Operations, Inc., denies the allegations contained in Paragraph 17 of the Third-Party Plaintiff's Third-Party Complaint.

18. The Third-Party Defendant, DTG Operations, Inc., denies the allegations contained in Paragraph 18 of the Third-Party Plaintiff's Third-Party Complaint.

19. The Third-Party Defendant, DTG Operations, Inc., denies the allegations contained in Paragraph 19 of the Third-Party Plaintiff's Third-Party Complaint.

**SECOND AFFIRMATIVE DEFENSE**

And further answering, the Third-Party Defendant, DTG Operations, Inc., says that if the Third-Party Plaintiff had a claim against the Third-Party Defendant, DTG Operations, Inc., which said Third-Party Defendant, DTG Operations, Inc. expressly denies, the Third-Party Plaintiff has failed give due and seasonable notice of said claim to the Third-Party Defendant, DTG Operations, Inc. and the plaintiff is thereby barred from recovery.

**THIRD AFFIRMATIVE DEFENSE**

And further answering, the Third-Party Defendant, DTG Operations, Inc., says that this action was not commenced within the time prescribed by the applicable statutes of limitations/repose.

**FOURTH AFFIRMATIVE DEFENSE**

And further answering, the Third-Party Defendant, DTG Operations, Inc., says that the damages alleged were not caused by the acts of any person for whose conduct the Third-Party Defendant, DTG Operations, Inc. was legally responsible.

**FIFTH AFFIRMATIVE DEFENSE**

And further answering, the Third-Party Defendant, DTG Operations, Inc. says that if the Third-Party Plaintiff ever had a claim against the Third-Party Defendant, DTG Operations, Inc., which the Third-Party Defendant, DTG Operations, Inc. expressly denies, the Third-Party Plaintiff is estopped from prosecuting the same and is thereby barred from recovery herein.

**SIXTH AFFIRMATIVE DEFENSE**

And further answering, the Third-Party Defendant, DTG Operations, Inc. says that the damages alleged were caused in whole or in part by the Third-Party Plaintiff’s own negligence.

**SEVENTH AFFIRMATIVE DEFENSE**

And further answering, the Third-Party Defendant states that the injuries and damages alleged were caused in whole or in party by the negligence of the Third-Party Plaintiff to a degree greater than any alleged negligence of the Third-Party Defendant. Therefore, the Third-Party Plaintiff is barred from recovery under M.G.L. c. 231 § 85.

**EIGHTH AFFIRMATIVE DEFENSE**

And further answering, the Third-Party Defendant, DTG Operations, Inc. says that the Third-Party Plaintiff has delayed unreasonably in giving notice of this claim and in bringing this action, all to the Third-Party Defendant, DTG Operations, Inc.’s prejudice, and therefore the Third-Party Plaintiff has waived the same, is estopped from prosecuting the same and is barred by laches from recovery herein.

**NINTH AFFIRMATIVE DEFENSE**

The Third-Party Plaintiff’s recovery against the Third-Party Defendant, DTG Operations, Inc. is barred, diminished, or reduced to the extent that the Third-Party Plaintiff failed to take reasonable actions to avoid or mitigate damages.

**TENTH AFFIRMATIVE DEFENSE**

The Third-Party Plaintiff’s damages, if any, were caused and/or contributed to by the negligence or fault of other parties and should be apportioned in proportion to the relative fault, if any, of each party.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Third-Party Plaintiff's damages, if any, were caused by independent, unforeseeable, intervening, and/or superseding causes unrelated to the Third-Party Defendant, DTG Operations, Inc.'s conduct.

**TWELFTH AFFIRMATIVE DEFENSE**

The Third-Party Plaintiff's Third-Party Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The Third-Party Defendant states that the Third-Party Plaintiff breached its agreement with the Third-Party Defendant and is thereby barred from recovery in this action.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The Third-Party Defendant states that the acts or omissions complained of by the Third-Party Plaintiff were not within the scope of any contractual obligations undertaken by the Third-Party Defendant.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The Third-Party Defendant, DTG Operations, Inc. hereby gives notice that it intends to rely upon such other defenses as may become available during the discovery proceedings in this case, and hereby reserves the right to amend its Answer, if necessary, in order to assert any such defenses.

WHEREFORE, the Third-Party Defendant, DTG Operations, Inc., respectfully requests that the Third-Party Plaintiff's Third-Party Complaint be dismissed with prejudice, and that judgment enter in favor of DTG Operations, Inc., with an award of costs, expenses and such other relief that the Court deems just.

Respectfully submitted,

/s/ Paul R. Keane

______________________________

Paul R. Keane, BBO # 262880
Matthew J. Ilacqua, BBO # 679981
Attorneys for Defendant,
DTG Operations, Inc.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, Massachusetts 02114-4716
(617) 227-3240
pkeane@mmmk.com
milacqua@mmmk.com

Date: April 2, 2018

CERTIFICATE OF SERVICE

I, Matthew J. Ilacqua, Esq., hereby certify that on April 2, 2018, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Matthew J. Ilacqua

______________________________________

Matthew J. Ilacqua, Esq.