UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-11071-RGS

GEORGE WINER

v.

MARRIOTT HOTEL SERVICES, INC. and TOWNE PARK, LLC

v.

DTG OPERATIONS, INC.

MEMORANDUM AND ORDER ON
MOTIONS FOR SUMMARY JUDGMENT OF
TOWNE PARK, LLC, AND DTG OPERATIONS, INC.

December 5, 2018

STEARNS, D.J.

George Winer brought this lawsuit in Suffolk Superior Court against Marriott Hotel Services, Inc., and Towne Park, LLC, among others, for damages he suffered after tripping over an exposed drain hole.[1] Defendants subsequently removed the case to the federal district court.[2] The Amended

---

[1] In the Amended Complaint, Winer withdrew allegations against Sodexo, Inc., and Towne Park, Ltd.

[2] Winer is a resident of Massachusetts. Marriott is a Delaware corporation with a principal place of business in Maryland. Towne is a Maryland LLC with a principal place of business in Maryland. Am. Compl.

Complaint sets out claims of negligence and premises liability against both Marriott (Counts I and III) and Towne (Counts II and IV).  In its Answer, Towne asserts a crossclaim for contribution against Marriott.  In response, Marriott asserts three crossclaims against Towne: contribution, contractual indemnification, and common law indemnification.  Marriott also filed a Third Party Complaint against Winer's employer, DTG Operations, Inc., for contractual indemnity.[3]  DTG now moves for summary judgment on that claim, while Towne moves for summary judgment on Winer's claims and Marriott's crossclaims.  For the reasons to be explained, DTG's and Towne's motions for summary judgment will be denied.

## BACKGROUND

The facts, viewed in the light most favorable to Winer and Marriott as the nonmoving parties, are as follows.  In May of 2014, Winer was employed as a location manager by DTG, which operated a rental car service at the Marriott Copley Hotel in Boston.  DTG has a rental car desk in the hotel and, at the time, had the use of parking spaces one through nine in the hotel's

---

¶¶ 1-3.  Its sole member is Towne Holdings, Inc., a Maryland corporation with a principal place of business in Maryland.  Dkt # 69 ¶¶ 2-3.

[3] DTG, doing business as Dollar Rent A Car, is an Oklahoma corporation with a principal place of business in Florida.  Third Party Compl. ¶ 4.

garage.  Winer was responsible for inspecting the spaces.  On May 16, 2014, Winer was walking to parking space number nine to move a rental car when he tripped over an uncovered drain hole in parking space number eight.  As a result of the fall, Winer suffered serious injuries.[4]

Marriott repairs drains when a specific problem is reported or when a defect is noted during a quarterly inspection of the garage.  Marriott from time to time hires Drain Doctor to clean the drains.  Towne operates a valet parking service in the garage that is staffed twenty-four hours a day, seven days a week.  Towne is "responsible for the general maintenance and cleanliness of the Service Area(s)," which includes certain parking spaces.  Towne Stat. of Facts (TSOF) (Dkt # 56-1) ¶¶ 37, 54-55.  When cleaning the floor of the garage, Towne employees occasionally remove a drain cover (including the one in parking space number eight) to empty water and cleaning solution from a Tomcat floor scrubber.  Winer alleges that Towne employees, on May 16, 2014, removed the drain cover in parking space number eight to drain the Tomcat.  Winer asserts that Marriott and Towne were, in turn, negligent in leaving the drain cover exposed.

---

[4] DTG has since paid Winer worker's compensation benefits.

### DISCUSSION

Summary judgment is appropriate when, based upon the pleadings, affidavits, and depositions, "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "To succeed, the moving party must show that there is an absence of evidence to support the nonmoving party's position." *Rogers v. Fair*, 902 F.2d 140, 143 (1st Cir. 1990). Although all reasonable inferences are drawn in the nonmovant's favor, the court cannot "'draw *unreasonable* inferences or credit bald assertions, empty conclusions, rank conjecture, or vitriolic invective.'" *Pina v. Children's Place*, 740 F.3d 785, 795 (1st Cir. 2014), quoting *Cabán Hernández v. Philip Morris USA, Inc.*, 486 F.3d 1, 8 (1st Cir. 2007).

### *Winer's Claims Against Towne*

Towne asserts that Winer's negligence and premises liability claims fail for three reasons. First, Towne argues that Winer "has no reasonable expectation of proving negligence" because there is no evidence that its employees, as opposed to Marriott's, removed the drain cover on May 16, 2014. Towne Mem. (Dkt # 50) at 6. Second, Towne argues that Winer cannot successfully invoke *res ipsa loquitur* because it did not have control

over the garage. Third, Towne argues that Winer cannot recover because the danger posed by the exposed drain hole was open and obvious.

Negligence consists of a breach of a duty of care that directly and proximately causes harm to a plaintiff. *Delaney v. Reynolds*, 63 Mass. App. Ct. 239, 241 (2005). The existence of a duty of care (a prerequisite for a finding of negligence) is a question of law. *Leavitt v. Brockton Hosp., Inc.*, 454 Mass. 37, 40 (2009).

Here, as a matter of law, Towne owed Winer a duty of care arising out of its contractual obligation to clean and maintain the garage. Even if the uncovered drain was open and obvious, Towne would only be excused of its duty to warn, not its duty of care. *See Judge v. Carrai*, 77 Mass. App. Ct. 803, 806 (2010) ("[T]he fact that a danger is open and obvious does not operate to negate a duty of care."). It is undisputed that Towne employees operated the garage twenty-four hours a day and, at times, removed drain covers when cleaning. Winer testified that Josh Jones, a Towne account manager, told him after the fall that a Town employee named "Adam must have left a cover off after cleaning the Garage." TSOF ¶ 71.[5] Whether Towne, or Marriott, or both, were negligent in leaving the drain cover exposed in parking space number eight on May 16, 2014, is a question of fact for the

---

[5] Jones denies making this statement. Towne Mem. (Dkt # 50) at 7 n.1.

5

jury.6  *See Foley v. Matulewicz*, 17 Mass. App. Ct. 1004, 1005 (1984) ("[S]ummary judgment is rarely granted on the merits of a negligence action because of the jury's unique competence in applying the reasonable man standard to a given fact situation.") (citation omitted); *see also Hebert v. Enos*, 60 Mass. App. Ct. 817, 820-821 (2004), quoting *Kent v. Commonwealth*, 437 Mass. 312, 320 (2002) ("Summary judgment is . . . appropriate . . . if a plaintiff has no reasonable expectation of proving that 'the injury to the plaintiff was a foreseeable result of the defendant's negligent conduct.'").

### *Marriott's Crossclaims Against Towne*

Towne argues that Marriott's crossclaims for contribution, contractual indemnification, and common law indemnification must be dismissed, mainly because Winer cannot prove negligence.7  Towne also argues that it is not obligated to indemnify Marriott for negligent acts caused solely by Marriott employees.  Winer, however, alleges that both Marriott and Towne

---

6 Having so concluded, the court need not address Towne's argument regarding *res ipsa loquitur*, Winer's alternate theory of negligence under which a trier of fact can draw an inference of negligence in the absence of evidence of specific causation. *Enrich v. Windmere Corp.*, 416 Mass. 83, 88 (1993).

7 Towne agreed to "defend, indemnify and hold [Marriott] harmless . . . from and against any and all actions, costs, [and] claims . . . for personal injuries . . . of any person arising out of [its] Service." TSOF ¶ 72.

6

were negligent in leaving the drain cover exposed. And given that Winer's negligence claims are an issue of fact, Towne's derivative argument concerning Marriott's crossclaims is similarly a question for the jury. *See Berube v. Northampton*, 413 Mass. 635, 638 (1992) ("Contribution claims are derivative and not new causes of action. Without liability in tort there is no right of contribution."); *Fireside Motors, Inc. v. Nissan Motor Corp. in U.S.A.*, 395 Mass. 366, 369 (1985), quoting *Stewart v. Roy Bros.*, 358 Mass. 446, 459 (1970) ("At common law a person may seek indemnification if that person 'does not join in the negligent act but is exposed to derivative or vicarious liability for the wrongful act of another.'").

### *Marriott's Contractual Indemnity Claim Against DTG*

DTG argues that it is immune from suit because it paid Winer worker's compensation benefits and its contractual indemnity provision does not apply to Winer's claims. Under state law, an employer is immune from suit after an employee accepts worker's compensation benefits, unless there is a valid express contract for indemnification. *Spellman v. Shawmut Woodworking & Supply, Inc.*, 445 Mass. 675, 679-680 (2006), citing Mass. Gen. Laws c. 152 § 23.

It is undisputed that DTG paid Winer worker's compensation benefits. The Agreement at issue provides the following:

> Marriott hereby leases to [DTG] that space, including walls, floors, wiring and fixtures ("Premises") in the Hotel . . . and containing approximately 110 square feet . . . for the purpose of constructing and operating a car rental counter. [DTG] will manage said counter in accordance with the policies, standards and procedures established by Marriott, including the "Rules and Regulations" attached hereto as Exhibit "B", and in accordance with the terms and conditions hereinafter set forth.
>
> Marriott will also designate six (6) parking spaces for use by [DTG].[8]

DTG Mot. (Dkt # 48), Ex. B § 1. DTG also agreed "to indemnify, defend and hold harmless Marriott . . . from and against all claims, suits, demands, damages, judgments, including reasonable attorney's fees . . . arising from the use of or work done to the Premises." *Id.* § 6.3. The question is, therefore, whether the term "Premises" covers both the hotel lobby and the garage, where Winer was injured.

DTG argues that "Premises" concerns only the rental counter because the reference to the parking spaces appears in a separate paragraph and is not explicitly included in the definition of "Premises." *See Massachusetts Higher Educ. Assistance Corp. v. MassDevelopment/Saltonstall Bldg. Redevelopment Corp.*, 2016 WL 819025, *3 (Mass. Super. 2016) (finding that a lease covered taxes assessed against the "premises," which included the rented spaces and the office building but not the parking garage). DTG

---

[8] On May 16, 2014, DTG was using parking spaces one through nine. DTG Stat. of Facts (Dkt # 55-1) ¶ 17.

8

also notes that since Marriott agreed to "provide daily janitorial service for the Premises," it would be illogical that such "dusting," "cleaning," and "vacuuming" would occur in the concrete parking garage. DTG Mot. (Dkt # 48), Ex. B § 3.2.[9] DTG therefore contends that the indemnification provision, which only covers claims "arising from the use of or work done to the Premises," is not applicable because Winer was injured in the garage, not at the counter. *Id.* § 6.3.

In response, Marriott argues that the indemnity provision is applicable because the term "Premises" can only reasonably be read to cover both the counter and the garage. Marriott also asserts that DTG's requirement to maintain general liability insurance and name Marriott as an additional insured are evidence of the parties' intent to indemnify. *Id.* § 6.1; *see also Urban Inv. & Dev. Co. v. Turner Const. Co.*, 35 Mass. App. Ct. 100, 108 (1993) ("Insurance protection is purchased to obtain the insurer's twofold obligation to indemnify the insured against judgments for which liability is covered under the policy and to defend the insured against claims alleging such liability."). I agree.

---

[9] But under its Agreement, DTG was responsible for "maintain[ing] and clean[ing] the Premises." DTG Mot. (Dkt # 48), Ex. B § 2.4.

Under Massachusetts law, contract interpretation is ordinarily a matter of law for the court. *Nadherny v. Roseland Prop. Co., Inc.*, 390 F.3d 44, 48 (1st Cir. 2004); *see also Fleet Nat'l Bank v. Anchor Media Television, Inc.*, 45 F.3d 546, 556 (1st Cir. 1995) ("[W]hether a provision can reasonably support a proffered interpretation is a legal one, to be decided by the court."). The accepted rules of construction prefer reading a contract as a whole in interpreting a disputed part, rather than balkanizing its language. *Smart v. The Gillette Co. Long Term Disability Plan*, 70 F.3d 173, 179 (1st Cir. 1995). "An ambiguity is not created merely because a controversy exists between parties, each favoring an interpretation contrary to the other." *Wyner v. N. Am. Specialty Ins. Co.*, 78 F.3d 752, 756 (1st Cir. 1996) (citation omitted).

Here, the express purpose of the Agreement was to enable DTG to operate a car rental service for the benefit of Marriott's guests. DTG, in turn, agreed to indemnify Marriott for claims "arising from the use of or work done to the Premises." Common sense dictates that the indemnity provision would cover DTG's entire business, both at the counter and in the garage. A car rental agency without access to cars, like a bank without access to money, would hardly satisfy the purpose of the agreement. *See Fishman v. LaSalle Nat'l Bank*, 247 F.3d 300, 302 (1st Cir. 2001) ("Common sense is as much a part of contract interpretation as is the dictionary or the arsenal of canons.").

## ORDER

For the foregoing reasons, DTG's motion for summary judgment on Marriott's contractual indemnity claim is <u>DENIED</u>.  Towne's summary judgment motion on both Winer's claims and Marriott's crossclaims is <u>DENIED</u>.  The Clerk will set the case for trial.

SO ORDERED.

<u>/s/ Richard G. Stearns</u>
UNITED STATES DISTRICT JUDGE